UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILL H. DOMINGUEZ, on behalf of himself and all others similarly situated, | ) ) ) CLASS ACTION |
| Plaintiff, | ) ) |
| v. | ) C. A. No. 13- ) |
| YAHOO!, INC. | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) |

# COMPLAINT - CLASS ACTION

## INTRODUCTION

1. This is a consumer class action brought on behalf of consumers against an Internet company for sending unsolicited text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Bill H. Dominguez is an adult residing in Philadelphia, Pennsylvania.

5. Defendant YAHOO!, Inc. (Yahoo!) is a Delaware corporation which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 701 First Avenue, Sunnyvale, California 94089.

## FACTUAL ALLEGATIONS

A.  **Yahoo!'s Common Practice**

6.  Defendant Yahoo! provides its users with a series of "free, personalized notification service[s] that instantly inform [Yahoo! users] of what [they] consider important and relevant…." Defendant calls these notification services "Yahoo! Alerts." *See* http://help.yahoo.com/l/us/yahoo/alerts/about/alerts-19.html.

7.  Yahoo! advises its users that "to take advantage of this service, you can sign in (or sign up to get a Yahoo! account) and customize your Yahoo! Alerts content and how it is delivered to you." *Id*.

8.  Yahoo! offers free alerts for email, called Yahoo! Mail Alerts. *See* http://help.yahoo.com/l/us/yahoo/alerts/about/alerts-19.html.

9.  Yahoo! Mail Alerts provide Yahoo users with a Short Message Service (SMS) text message when the consumer receives a new email to their Yahoo! email account. The Alert contains the email address of the sender, the title of the email and as much of the body of the email as the text message will hold. *See* http://www.ehow.com/how_6155778_yahoo-email-cell-text-message.html.

10.  The Yahoo! Mail Alert text messages are sent by means of an automatic telephone dialing system (ATDS) that has the capacity to produce or store and dial numbers randomly or sequentially, and does in fact make automated telephone calls to telephone numbers that were preselected by Defendant. This device can send thousands of messages per day to the telephone numbers that were preselected by Defendant.

11.  Defendant is aware that "it is possible for users who purchase new phones to receive alerts that the previous owner had subscribed to … [because] … phone companies

recycle phone numbers." *See* http://privacy.yahoo.com/privacy/us/mobile/print.html.

12. Despite this knowledge, Defendant does not have an effective method for stopping Mail Alerts from being sent to the cellular phones of new owners who have not consented to receipt of such messages when the phone companies recycle a phone number.

13. Defendant requires a consumer who wants to stop Mail Alerts being sent to his/her cellular telephone to enter a password and access a Yahoo account in order to turn off the Alerts.

14. Defendant has no procedure or means for consumers with recycled phone numbers who do not consent to receiving the text messages to turn off the Alerts from the prior holder of the telephone number.

15. As a result, these consumers receive thousands of unsolicited text message Mail Alerts from Defendant.

**B.     Experience of the Representative Plaintiff**

16. On or about December 29, 2011, Plaintiff purchased a Samsung Gravity smart phone from a T-Mobile store in Philadelphia, Pennsylvania.

17. The telephone number assigned to Plaintiff's Samsung phone was a telephone number that had never been assigned to Plaintiff before.

18. On information and belief, the phone number had been previously held by a Jose Gonzalez. Plaintiff has never met Jose Gonzalez and has no knowledge concerning his whereabouts.

19. Shortly after purchasing his new phone, Plaintiff began receiving unsolicited text messages from Defendant Yahoo! advising him that he had received an e-mail.

20. Plaintiff never consented to the receipt of the text messages sent by Defendant.

21. The unsolicited text messages were in SMS text messages and were sent to Plaintiff's new telephone by means of a device that made automated telephone calls. This device could send and did send dozens of messages per day to Plaintiff's telephone.

22. The unsolicited text messages were sent from a number that appears on Plaintiff's cell phone as 92500.

23. On information and belief, these unsolicited text messages are part of the service Yahoo! Mail Alerts offered to Yahoo! subscribers, described above.

24. Plaintiff does not have an email account with Yahoo! and did not sign up for any form of text message notification service through Yahoo!.

25. By March 2012, Plaintiff was receiving approximately 50 to 60 unsolicited text messages from Defendant every day, and at all times of day and night.

26. The messages advertised certain products or invited Plaintiff to sign up for some service. All the messages instructed Plaintiff to "Read It: http://m.yahoo.com/mail."

27. Plaintiff attempted to stop the unsolicited Alerts. Plaintiff sent return texts asking Yahoo! to cease sending the unsolicited texts. Despite his efforts, Plaintiff continued to receive unwanted text Mail Alerts from Yahoo!.

28. In seeking assistance for this problem, Plaintiff contacted the Federal Communications Commission (FCC), which provided Plaintiff with a telephone number to contact Yahoo!.

29. Plaintiff telephoned Yahoo! and spoke to a Denise, and explained the problem with the unsolicited text messages. The Yahoo! representative told Plaintiff that there was nothing that could be done to stop the texts unless the former owner of the telephone number accessed the password-protected account and authorized Yahoo! to stop the messages.

30. Plaintiff asked the representative to speak with a supervisor. The supervisor, who identified himself as Castro, told Plaintiff the same thing – that the unsolicited text messages would only stop if the former owner of the account so authorized. Plaintiff did not know the whereabouts of the former owner of the telephone number, and suggested that litigation might be his only option. Castro replied "so sue me."

31. Plaintiff then asked to speak to Castro's supervisor. After some resistance from Castro, Plaintiff was referred to a Jessie, who repeated Yahoo's position that only the former owner of the telephone number could authorize Yahoo! to stop texting the messages.

32. Plaintiff continued to receive unsolicited text messages from Defendant, and continued to try to stop them. In another attempt, Plaintiff called Yahoo! and spoke to a representative named Chad, who gave his identification number as 143638. Chad suggested that Plaintiff try texting the word "Help" to Yahoo!'s number 92466, which Plaintiff did, without success. Chad gave Plaintiff a reference number of 1631693.

33. The unsolicited text messages continued. In or around September 2012, Plaintiff again contacted the FCC to get assistance about how to stop the text message Alerts that he was receiving. At this time Plaintiff filed two complaints with the FCC relating to the text messages.

34. Plaintiff also lodged a complaint with the Federal Trade Commission.

35. Despite all his efforts, Plaintiff has not been successful in stopping the unsolicited text messages sent to him daily by Yahoo!

36. During the months of November 2012 through approximately April 5, 2013, Defendant sent in excess of 4,700 unsolicited text messages to Plaintiff.

37. Defendant's actions and failures to act were reckless, willful or knowingly in violation of the TCPA.

38. Defendant's actions and failures to act have caused Plaintiff damages.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: all persons residing in Pennsylvania, New Jersey and Delaware who purchased a cellular telephone which, prior to its purchase, had been associated with a Yahoo! account belonging to another individual who had authorized the sending of text message Mail Alerts to said telephone and to whom Yahoo! sent to the cellular telephone number at least one unsolicited text message, during the period beginning four (4) years prior to the filing of this Complaint and continuing through the date of the resolution of this case.

40. The Class is so numerous that joinder of all members is impracticable.

41. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. The principal common question is whether the Defendant's practice of sending unsolicited text messages violated the TCPA.

42. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

43. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unfair and unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

44. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible

standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the TCPA range from $500.00 to $1,500.00. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Violations of the Telephone Consumer Protection Act

47. Plaintiff incorporates by reference all of the paragraphs above as though fully stated herein.

48. At all times herein, Plaintiff and the Class have been entitled to the rights, protections and benefits provided under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

49. Negligently, recklessly, willfully and/or intentionally, Defendant directly and/or vicariously engaged in acts, omissions and/or other conduct as described herein that violated the TCPA.

50. Defendant directly and/or vicariously used an ATDS to initiate numerous unsolicited telephone calls to the cellular telephone numbers of Plaintiff and the Class. These telephone calls delivered unsolicited commercial text messages to the cellular telephones of Plaintiff and the Class.

51. Plaintiff and the Class are entitled to recover $500.00 in damages from Defendant for each violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the Class are entitled to treble damages, attorneys' fees, costs, injunctive relief prohibiting such conduct in the future and other remedies allowed by the TCPA or otherwise permitted by law.

53. In the absence of a judicial declaration of the illegality of Defendant's conduct and an injunction barring Defendant from engaging in such illegal conduct in the future, Defendant will continue its unlawful conduct in the future.

## JURY TRIAL DEMAND

54. Plaintiff demands trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) That judgment be entered against Defendants for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

(c) That judgment be entered against each Defendant for treble damages pursuant to 47 U.S.C. § 227(b)(3)(C);

(d) That the Court award costs and reasonable attorneys' fees to Plaintiff's counsel;

  (e)  That the Court enter a declaration that Defendant's conduct is in violation of the TCPA;

  (f)  That the Court enjoin Defendant from further violations of the TCPA; and,

  (g)  That the Court grant such other and further relief as may be just and proper.

Date: April 10, 2013

                *s/ James A. Francis*
                FRANCIS & MAILMAN, P.C.
                James A. Francis
                Mark D. Mailman
                Geoffrey Baskerville
                David A. Searles
                Land Title Building, 19th Floor
                100 South Broad Street
                Philadelphia, PA 19110
                (215) 735-8600

                Attorneys for Plaintiff and the Class