IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILL H. DOMINGUEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>YAHOO!, INC.<br><br>        Defendant. | C.A. No. 2:13-cv-01887 |

## ORDER

AND NOW, this _____ day of _____, 2013, upon consideration of defendant Yahoo!, Inc.'s Motion for Summary Judgment, to dismiss plaintiff's Complaint, and any response thereto, it is hereby ORDERED that said motion is GRANTED. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
Michael M. Baylson, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILL H. DOMINGUEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>YAHOO!, INC.<br><br>        Defendant. | C.A. No. 2:13-cv-01887 |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendant Yahoo!, Inc. ("Yahoo!") hereby moves this Court for summary judgment on all of plaintiff's claims. In support of its Motion, Yahoo! relies upon the accompanying memorandum of law.

WHEREFORE, Defendant Yahoo!, Inc. respectfully requests that this Court grant its Motion and enter an order dismissing plaintiff's claims with prejudice.

Respectfully submitted,

Dated: June 18, 2013

GREENBERG TRAURIG LLP

By:/s/ Brian T. Feeney
Brian Feeney
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Ian C. Ballon (Admitted *pro hac vice*)
1900 University Avenue
5th Floor
East Palo Alto, CA 94303

*Attorneys for defendant*
YAHOO! INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BILL H. DOMINGUEZ, on behalf of himself
and all others similarly situated,

        Plaintiff,

   v.

YAHOO!, INC.

        Defendant.

C.A. No. 2:13-cv-01887

## MEMORANDUM OF LAW IN SUPPORT OF YAHOO! INC.'S MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

|      |                                                                                    | Page |
|------|------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                       | 1    |
| II.  | STATEMENT OF FACTS                                                                 | 2    |
|      | A. YAHOO!'S EMAIL SMS SERVICE                                                      | 2    |
|      | B. THE MESSSAGES AT ISSUE                                                          | 4    |
| III. | ARGUMENT                                                                           | 5    |
|      | A. SUMMARY JUDGMENT SHOULD BE GRANTED FOR EITHER OF TWO INDEPENDENT REASONS        | 5    |
|      | B. THE MESSAGES AT ISSUE IN THIS CASE WERE NOT SENT USING AN ATDS                  | 6    |
|      | C. THE MESSAGES AT ISSUE ARE NOT ACTIONABLE UNDER THE TCPA                         | 7    |
| IV.  | CONCLUSION                                                                         | 11   |

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .......................................................................................................... 5

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .......................................................................................................... 5

*Emanuel v. Los Angeles Lakers, Inc.*,
  CV 12-9936-GW SHX, 2013 WL 1719035 (C.D. Cal. Apr. 18, 2013) ...................... 7, 9, 11

*ErieNet, Inc. v. Velocity Net, Inc.*,
  156 F.3d 513 (3d Cir. 1998) ............................................................................................. 8

*First Nat. Bank of Pennsylvania v. Lincoln Nat. Life Ins. Co.*,
  824 F.2d 277 (3d Cir. 1987) ............................................................................................. 5

*Ibey v. Taco Bell Corp.*,
  12-CV-0583-H WVG, 2012 WL 2401972 (S.D. Cal. June 18, 2012), *appeal dismissed*, Docket No. 12-56482 (Nov. 28, 2012) .......................................................... 9, 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) .......................................................................................................... 6

*Mims v. Arrow Fin. Servs., LLC*,
  132 S. Ct. 740 (2012) ..................................................................................................... 8, 9

*Ryabyshchuck v. Citibank (S. Dakota) N.A.*,
  11-CV-1236-IEG WVG, 2012 WL 5379143 (S.D. Cal. Oct. 30, 2012), *appeal dismissed*, Docket No. 12-57090 (Feb. 4, 2013) ........................................................... 8, 9

*Schmidheiny v. Weber*,
  285 F. Supp. 2d 613 (E.D. Pa. 2003) ............................................................................... 6

**Federal Statutes**

47 U.S.C. § 227(a)(1) ............................................................................................................ 6
47 U.S.C. § 227(b)(1)(A) ...................................................................................................... 4
47 U.S.C. § 227(b)(1)(B) ...................................................................................................... 9
47 U.S.C. § 227(b)(1)(C) ...................................................................................................... 9
47 U.S.C. § 227(b)(3) ............................................................................................................ 1

Case 2:13-cv-01887-MMB Document 14 Filed 06/18/13 Page 7 of 20

**Federal Rules**

Fed. R. Civ. P. 1 .................................................................................................................. 5
Fed. R. Civ. P. 56(a) ........................................................................................................... 5
Fed. R. Civ. P. 56(c)(1) ....................................................................................................... 5
Fed. R. Civ. P. 56(e) ........................................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Bill H. Dominguez's putative Telephone Consumer Protection Act ("TCPA") class action is a lawyer-driven attempt to twist facts wholly outside of the statutory scheme into a novel claim under the TCPA to take advantage of a potentially lucrative statutory damages provision. It is undisputed that plaintiff received text message notifications solely because a Yahoo! user, who previously owned plaintiff's mobile phone number, affirmatively signed up to receive text messages each time he received an email in the inbox of his Yahoo! email account. That the prior owner of plaintiff's telephone number (and not plaintiff) allegedly selected to receive Yahoo! email messages on his mobile phone does not change the fact that the messages at issue are not within the purview of the TCPA and does not somehow make Yahoo! liable for statutory damages.

The TCPA prohibits unsolicited automated telemarketing and bulk communications, by prohibiting the use of an Automatic Telephone Dialing System ("ATDS"), which is equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and dials those numbers. 47 U.S.C. § 227(b)(3). Yahoo! is entitled to summary judgment because this case does not involve use of an ATDS. Yahoo!'s Email SMS Service does not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, nor can it dial such numbers.

Yahoo! also is entitled to summary judgment because it is undisputed that the text messages at issue in this case were not sent in bulk nor randomly, were not advertisements, and had no telemarketing purpose. Rather, they were notifications specifically requested, and sent to

the mobile phone number provided by a Yahoo! email account user, at the user's request, upon the user's receipt of an email.

On either or both of these grounds, Yahoo!'s motion for summary judgment should be granted.

## II. STATEMENT OF FACTS

**A.    YAHOO!'S EMAIL SMS SERVICE**

Yahoo! is an internet company that is widely known for its free consumer services, including personalized news and financial websites, Yahoo! Messenger, Yahoo! search and the Yahoo! email client and associated protocol provided by Yahoo!. *See* Declaration of Ajay Gopalkrishna ("Gopalkrishna Decl."), attached hereto as Exhibit A.  Yahoo! email accounts are offered free of charge and can be obtained and used by anyone simply by registering as a user with a Yahoo! ID.   Gopalkrishna Decl. ¶ 3.

In connection with a Yahoo! email account, from the mid-2000's until June 2011, Yahoo! offered Yahoo! email account holders the ability to sign up for a feature that allowed registered Yahoo! users to implement a filter in their Yahoo! email account that would deliver new email messages to a mobile phone (the "Email SMS Service"). *Id.* ¶ 4. In the days prior to widespread access to smart phones, this service allowed users to receive notification of new emails, including limited sender and subject information, without logging into a computer. *Id.* Yahoo! users could create an email filter that would direct new messages to their mobile phone by manually inputting their mobile telephone number in the Account Setting area of their Yahoo! email accounts and selecting to enable email alerts to that telephone number as shown below:

*Id.* ¶ 5.

Yahoo!'s Email SMS Service was configured to automatically convert email messages into a format that could then be forwarded to a user's wireless carrier (such as Verizon, AT&T, T-Mobile and other similar companies), which would then send an SMS[1] message to the user's mobile device. *Id.* ¶ 6. The SMS message included a truncated version of the email received, including the sender, subject line, and the body of the message up to a total of 140 characters, so that the recipient would know whether it was important or could be reviewed later (or ignored). *Id.* ¶ 7.

Yahoo! users were never required to sign up for this service; it was entirely voluntary. Unless a Yahoo! user affirmatively signed up for the Email SMS Service, he or she would not receive text message versions of new emails. *Id.* ¶ 8.

In this case, plaintiff alleges that the person who previously held his mobile telephone number, allegedly named Jose Gonzalez, had signed up for the Email SMS Service. Complaint ¶ 18. Assuming for purposes of this motion that this is true,[2] Mr. Gonzalez entered his mobile



[1] SMS comm messa... ...bile text

[2] For purposes of this motion only, Yahoo! does not contest these allegations.

3

phone number directly into the Yahoo! Email SMS Service sign up form in the preference section of his Yahoo! email account and affirmatively elected to receive truncated versions of emails via text message when he received emails in his Yahoo! email account inbox. Gopalkrishna Decl. ¶¶ 9-11.

Needless to say, messages sent through the Email SMS Service were not sent randomly, in bulk or to sequential numbers – but instead only to specific phone numbers, affirmatively selected by individual Yahoo! users, when email messages were received. *Id.* ¶ 12. Indeed, the servers and systems affiliated with the Email SMS Service did not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or to call those numbers. *Id.* ¶ 13. Instead, only a telephone number that was specifically inputted into Email SMS Service by a Yahoo! user would receive emails via text message.

### B. THE MESSSAGES AT ISSUE

Plaintiff claims he purchased a new phone on or about December 29, 2011, and was assigned a mobile phone number that had previously been held by a person named Jose Gonzalez. Complaint ¶¶ 16-18. Plaintiff alleges that shortly after he purchased this new phone, he began receiving text messages "advising him that he had received an email." Complaint ¶ 19.[3]

Plaintiff alleges that these messages constitute willful and/or negligent violations the TCPA's prohibition against using an ATDS as set forth in 47 U.S.C. § 227(b)(1)(A). (Complaint ¶¶ 47-53).

Assuming for purposes of this motion that plaintiff's allegations are true, Mr. Gonzalez signed up for Yahoo!'s Email SMS Service, never opted out or changed the phone number

---

[3] Although not material to this motion, Yahoo! disabled auto-forwarding to the mobile number allegedly owned by plaintiff in May 2013.

4

associated with the Email SMS Service, and plaintiff's mobile provider recycled Mr. Gonzalez's phone number and gave it to plaintiff. These facts do not implicate liability under the TCPA. Moreover, the facts alleged underscore that this case does not involve use of an ATDS. For either or both of these reasons, Yahoo! is entitled to summary judgment.

### III. ARGUMENT

#### A. SUMMARY JUDGMENT SHOULD BE GRANTED FOR EITHER OF TWO INDEPENDENT REASONS

A summary judgment motion is intended "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Federal Rule of Civil Procedure 56(a) provides that a court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden of demonstrating the lack of a genuine dispute. *See First Nat. Bank of Pennsylvania v. Lincoln Nat. Life Ins. Co.*, 824 F.2d 277, 280 (3d Cir. 1987). The burden is discharged by "'showing' . . . an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also* Fed. R. Civ. P. 56(c)(1).

Once the moving party discharges its burden, the burden shifts to the opposing party to establish a genuine issue of material fact as to an essential element of its claim. *Celotex*, 477 U.S. at 322; Fed. R. Civ. P. 56(e). Not every factual dispute defeats summary judgment; the requirement is that "there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Id.* at 248. The nonmoving party must present probative evidence to demonstrate that "there is [more than] some metaphysical doubt as to the

material facts." *Schmidheiny v. Weber*, 285 F. Supp. 2d 613, 627-28 (E.D. Pa. 2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Here, plaintiff's TCPA claim fails as a matter of law for either one of two independent reasons. First, plaintiff cannot prove an essential element of his claim because the messages at issue were not sent using an ATDS. Second, the text messages at issue are not bulk, unsolicited advertisements, but rather were sent in response to a specific request to send them, and therefore are not the kind of messages the TCPA aims to prevent.

### B. THE MESSAGES AT ISSUE IN THIS CASE WERE NOT SENT USING AN ATDS

Summary judgment is warranted in this case because it is undisputed that the messages at issue in this case were not sent using an ATDS.

The TCPA prohibits any person from making

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] . . .
>
> (iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

47 U.S.C. § 227 (b)(1)(A). Assuming without conceding for purposes of this motion that a text message constitutes a "call" within the meaning of the TCPA, Yahoo! is entitled to summary judgment because the messages at issue were not sent using an ATDS.

An ATDS is defined as "equipment which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

The SMS messages sent via the Email SMS Service were not and *could not* have been sent via an ATDS based on the statutory definition and plaintiffs' own allegations (in addition to the Declaration of Ajay Gopalkrishna submitted in support of this motion). Email messages received by Mr. Gonzalez were converted into a format that were then forwarded to plaintiff's wireless carrier, which then sent an SMS message to plaintiff's mobile device. Gopalkrishna Decl. ¶ 6. As alleged, these messages were neither randomly sent nor sent sequentially (for example, to XXX-XXX1, XXX-XXX2, XXX-XXX3, etc.). Moreover, the Email SMS Service did not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, nor could it dial such numbers. *Id.* ¶¶ 12-13. Indeed, plaintiff's own allegations establish for purposes of this motion that the messages at issue were sent only because a Yahoo! user had signed up to receive emails via SMS, and specifically linked his mobile telephone number (which allegedly is now plaintiff's mobile telephone number) to his Yahoo! email account. *Id.* ¶¶ 9-11; Complaint ¶ 18. Plaintiff's number, therefore, was not randomly or sequentially generated by Yahoo! – nor could it have been. *See, e.g, Emanuel v. Los Angeles Lakers, Inc.*, CV 12-9936-GW SHX, 2013 WL 1719035 at *4 n.3 (C.D. Cal. Apr. 18, 2013) (concluding that the FAC likely failed to adequately plead that defendant used an ATDS because "[p]laintiff's FAC suggests that Defendant does not use a system that has the capacity to generate, or to sequentially or randomly dial numbers. As Defendant points out, Plaintiff does not allege that he received the Lakers' text "randomly" but rather in direct response to Plaintiff's initiating text."). Accordingly, Yahoo! is entitled to summary judgment.

### C.  THE MESSAGES AT ISSUE ARE NOT ACTIONABLE UNDER THE TCPA

Summary judgment also is appropriate because it is clear from plaintiff's allegations that this case involves individual messages sent to a phone in response to a user request, not

7

unsolicited telemarketing or bulk communications, which are the harms that section 227 is intended to address. Plaintiff's novel argument to stretch the scope of the TCPA to impose liability here is inconsistent with the structure of the statute and its legislative history. In this case, it is undisputed that a Yahoo! user affirmatively asked to receive the Email SMS Messages, which were forwarded to the phone number designated by that user. Complaint, ¶ 18; Gopalkrishna Decl., ¶¶ 9-11. The statute and its legislative history clearly indicate Congress's intent to regulate unsolicited advertisements, including bulk communications, not messages forwarded at the request of a user. That plaintiff received text messages because a mobile phone number was transferred to him by his mobile phone carrier without Yahoo!'s knowledge does not make Yahoo! liable under the TCPA. Plaintiffs' claim therefore should be rejected on this additional ground

The U.S. Supreme Court has recognized that the TCPA was enacted to address "intrusive nuisance calls" and "certain practices invasive of privacy." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012); *see also ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 514 (3d Cir. 1998) ("Enacted in 1991 as part of the Federal Communications Act, the TCPA seeks to deal with an increasingly common nuisance—telemarketing."). Therefore, "courts broadly recognize that not every text message or call constitutes an actionable offense." *Ryabyshchuck v. Citibank (S. Dakota) N.A.*, 11-CV-1236-IEG WVG, 2012 WL 5379143 at *2 (S.D. Cal. Oct. 30, 2012), *appeal dismissed*, Docket No. 12-57090 (Feb. 4, 2013) (quoting *Mims*, 132 S. Ct. at 744). "[C]ontext is indisbutably relevant to determining whether a particular call is actionable under the TCPA." *Ryabyshchuck*, 2012 WL 5379143 at *3.

For this reason, courts have granted summary judgment or motions to dismiss in similar cases where a plaintiff's claims do not involve unsolicited telemarketing or bulk messages. *See,*

8

*e.g., Ibey v. Taco Bell Corp.*, 12-CV-0583-H WVG, 2012 WL 2401972 at *3 (S.D. Cal. June 18, 2012), *appeal dismissed,* Docket No. 12-56482 (Nov. 28, 2012) (dismissing complaint and holding that sending a notification message, confirming a request to opt of receiving text message promotions, does not violate the TCPA because "[t]o impose liability under the TCPA for a single, confirmatory text message would contravene public policy and the spirit of the statute —prevention of unsolicited telemarketing in a bulk format."); *see also Emanuel,* 2013 WL 1719035 (granting defendant's motion to dismiss with prejudice where plaintiff challenged a single confirmatory response to a text message and holding that response is not actionable under the TCPA); *Ryabyshchuck v. Citibank (S. Dakota) N.A.*, 11-CV-1236-IEG WVG, 2012 WL 5379143 at *2 (S.D. Cal. Oct. 30, 2012), *appeal dismissed*, Docket No. 12-57090 (Feb. 4, 2013) (granting summary judgment because the circumstances of that case "dispel any allusion to 'the proliferation of intrusive, nuisance calls'" targeted by the TCPA ) (quoting *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012)).

Section 227 and its legislative history make clear that Congress was concerned about "the increasing number of telemarketing firms in the business of placing telephone calls, and the advance of technology which makes automated phone calls more cost-effective." S. Rep. 102-178, at 2 (1991); *see also* 47 U.S.C. § 227(b)(1)(B) (prohibiting the initiation of a telephone call to residences using an artificial or prerecorded voice without prior consent); *Id.* § 227(b)(1)(C) (prohibiting unsolicited fax advertisements subject to certain exceptions); Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394, 2395 (1991) (incorporating Congressional findings expressing concerns about telemarketing such as "the increased use of cost-effective telemarketing techniques," and that "[u]nrestricted telemarketing . . . can be an

intrusive invasion of privacy and, when an emergency or medical assistance telephone line is seized, a risk to public safety"). This case involves neither.

The statute and legislative history focus on *unsolicited* telemarketing (*not* text messages sent at the request of a user who is unaffiliated with the defendant, who had affirmatively chosen to receive them) and bulk communications (*not* a communication sent notifying the recipient, as requested, that he received an email):

> It is clear that automated telephone calls that deliver an artificial or prerecorded voice message are more of a nuisance and a greater invasion of privacy than calls placed by "live" persons. These automated calls cannot interact with the customer except in preprogrammed ways, do not allow the caller to feel the frustration of the called party, fill an answering machine tape or a voice recording service, and do not disconnect the line even after the customer hangs up the telephone.

S. Rep. 102-178, at 1, 4-5 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968, 1972. In describing an ATDS, the House report similarly underscores that

> Telemarketers often program their systems to dial sequential blocks of telephone numbers, which have included those of emergency and public service organizations, as well as unlisted telephone numbers.

H.R. Rep. 102-317, at 1, 10 (1991). The House Report further explained:

> Once a phone connection is made, automatic dialing systems can "seize" a recipient's telephone line and not release it until the prerecorded message is played, even when the called party hangs up. This capability makes these systems not only intrusive, but, in an emergency, potentially dangerous as well.

H.R. Rep. 102-317, at 11 (1991). None of these issues arises in this case, which involves text messages sent as a result of a user's specific election to receive them by inputting his mobile telephone number into a form and affirmatively requesting the Email SMS Service. Gopalkrishna Decl., ¶¶ 9-11. That plaintiff's wireless telephone carrier allegedly recycled Mr. Gonzalez's phone number, causing plaintiff to receive text messages that Mr. Gonzalez signed

up to receive, does not change the fact that these messages were sent because a user voluntarily elected to receive them and are individual messages, not bulk advertisements. Hence, they are not actionable under the TCPA. *See, e.g., Emanuel,* 2013 WL 1719035 at *4 ("Given that Plaintiff admits he voluntarily texted the Lakers for the purpose of displaying a personal message during Defendant's basketball game, the Court would conclude that Plaintiff cannot amend his pleading in any way that is non-futile; the single confirmatory response challenged here is simply not actionable under the TCPA."); *Ibey,* 2012 WL 2401972 at *3 ("The legislative history of the TCPA indicates that the statute cannot be read to impose liability for a single, confirmatory opt-out message," which "did not constitute unsolicited telemarketing.").

## IV. CONCLUSION

A.

Plaintiffs' suit rests on a novel theory of liability that would require this court to make law inconsistent with the statutory framework and legislative history of the TCPA and cases construing it. The undisputed facts establish that Yahoo! is entitled to summary judgment because this case does not involve use of an ATDS. Yahoo!'s Email SMS Service does not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, nor can it dial such numbers. Moreover, that an individual Yahoo! user affirmatively signed up to receive text message notifications from Yahoo!'s Email SMS Service does not support a claim for a violation of the TCPA or justify expanding the scope of that statute in ways never intended by Congress. Because the text messages were sent specifically at a Yahoo! user's request to a number voluntarily provided to Yahoo!, the messages were not and could not have been sent using an

ATDS or in violation of the TCPA. Yahoo! therefore is entitled to judgment on plaintiff's TCPA claim as a matter of law.

11

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 18, 2013 | GREENBERG TRAURIG LLP |
|  | By: /s/ Brian T. Feeney |
|  | Brian Feeney |
|  | 2700 Two Commerce Square |
|  | 2001 Market Street |
|  | Philadelphia, PA 19103 |
|  | Ian C. Ballon (Admitted *pro hac vice*) |
|  | 1900 University Avenue |
|  | 5th Floor |
|  | East Palo Alto, CA 94303 |
|  | *Attorneys for defendant* |
|  | YAHOO! INC. |

## CERTIFICATE OF SERVICE

I, Brian T. Feeney, attorney for Defendants, hereby certify that on June 18, 2013, I served a true and correct copy of the foregoing Motion of Defendant YAHOO! Inc. for Summary Judgment and Memorandum in Support, together with all exhibits via this Court's Electronic Court Filing System upon the following counsel of record:

James A. Francis, Esquire
Mark D. Mailman, Esquire
Geoffrey Baskerville, Esquire
David A. Searles, Esquire
Francis & Mailman, P.C.
Land Title Building – 19th Floor
100 South Broad Street
Philadelphia, PA  19110
(215) 735-8600

*Attorneys for Plaintiff*

/s/ Brian T. Feeney
Brian T. Feeney, Esquire