IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILL H. DOMINGUEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>YAHOO!, INC.<br><br>        Defendant. | :<br>:<br>:<br>:<br>:   C.A. No. 2:13-cv-01887<br>:<br>:<br>:<br>: |

**ORDER**

FILED
AUG 16 2013
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

AND NOW, this 16th day of Aug_____, 2013, upon consideration of Plaintiff Bill H. Dominguez's request for discovery pursuant to Federal Rule of Civil Procedure 56(d) in response to Yahoo!'s motion for summary judgment, and defendant Yahoo!, Inc.'s response thereto, it is hereby ORDERED that:

With respect to the issues raised in its motion for summary judgment, Yahoo shall produce the following categories of documents within 30 days of the date of this Order:

    1.    Documents sufficient to describe the equipment used to send the text messages at issue to plaintiff;

    2.    Technical manuals concerning the Email SMS service used to send the text messages at issue, if such documents exist;

    3.    Marketing materials concerning the Email SMS service used to send the text message at issue, if such documents exist;

    4.    Policy and/or practice manuals concerning the Email SMS service used to send the text messages at issue, if such documents exist;

    5.    Documents sufficient to describe and identify the use of any third party text message connection aggregation companies used to transport the text messages at issue in this lawsuit to plaintiff across one or more mobile network operators;

6. Any contractual agreements with mobile text messaging aggregators or mobile network operators to transport text messages to mobile subscribers to the extent relevant to the text messages at issue in this lawsuit that were transmitted to plaintiff, if any such contracts exist;

7. Documents sufficient to describe the opt-in or opt-out processes for the Email SMS Service;

8. Documents sufficient to determine whether the Email SMS Service has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and dial those numbers, if such documents exist;

9. A list of any and all short codes, long codes or other addresses from which outgoing Email SMS Service messages are sent by Yahoo! to consumers;

10. ~~Any and all documentation,~~ Technical manuals and marketing materials concerning the use of short codes for Email SMS Service message applications provided to consumers, including Common Short Code Association (CSCA) registrations and applications; and,

11. ~~Any and all documentation,~~ Technical manuals and marketing materials concerning the use of long codes for EMAIL SMS Service message applications provided to consumers.

Upon review of the production of the above categories of documents, Plaintiff shall have the right to object to the production and/or seek supplemental production. Yahoo! retains the right to object to any such requests.

Within 20 days of the production of the above-categories of documents, Yahoo! shall produce a Rule 30(b)(6) corporate designee who will testify regarding the Email SMS Service used to send the text messages to Plaintiff.

Within 40 days of the production of the above-categories of documents, Plaintiff shall have the right to notice depositions of other witnesses pursuant to Rule 30(b)(1) and Yahoo! retains the right to object to such notices.

Within 45 days of the completion of the depositions described above, Plaintiff shall file a substantive opposition to Yahoo!'s motion for summary judgment, Docket No. 14, filed on June 18, 2013.

Yahoo!'s reply to Plaintiff's opposition shall be due within 45 days thereafter. Should Yahoo!'s reply rely on an expert report, Plaintiff shall have the right to seek discovery from and take the deposition of such expert, and may, if he deems necessary, seek leave to file a sur-reply in opposition to the Motion for Summary Judgment.

The discovery ordered herein shall not preclude Plaintiff, following the Court's ruling on Yahoo!'s motion for summary judgment, from taking discovery on other elements of the Plaintiff's claims in this case, including but not limited to, the elements of class certification under Rule 23, the merits of Plaintiff's claims under the Telephone Consumer Protection Act (TCPA), and the Plaintiff's allegations that defendant willfully or knowingly violated the TCPA, as set forth in 47 U.S.C. § 227(b)(3).

IT IS SO ORDERED.

BY THE COURT:

/s/ Michael M. Baylson

MICHAEL M. BAYLSON, J.