IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILL H. DOMINGUEZ, on behalf of himself and others similarly situated, Plaintiff, | : : : | CIVIL CASE |
| v. | : : | |
| YAHOO!, INC., Defendant. | : : | NO. 13-1887 |

### MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT

**Baylson, J.**                                                                                                                    **March 20 , 2014**

**I.    Introduction**

Surely, one of the unwelcome consequences of the digital age are unsolicited messages, telephone calls, and emails.  However, this phenomenon is not new.  Unwelcome circumstances have faced characters in literature and opera for centuries.  Victims of circumstance are often portrayed by Shakespeare – Hamlet, Othello, Shylock; and in opera, Verdi's Don Carlos, who without fault, loses his fiancée, Elisabeth of Valois, to his own father, King Phillip of Spain, who marries Elisabeth to ensure peace with France.

In this case, Plaintiff Bill Dominguez is also a victim of circumstance.  Plaintiff purchased a cellular telephone and was assigned a phone number.  The previous owner of the telephone number had enrolled the number in a text message system of Defendant, Yahoo!, Inc. ("Yahoo").  Plaintiff, on behalf of himself and other similarly situated consumers, initiated this class action lawsuit against Defendant, Yahoo!, Inc. ("Yahoo") to challenge Yahoo's practice of sending unsolicited text messages to cellular telephone numbers owned by individuals who never consented to receive such text messages.  He seeks statutory damages, treble damages, costs, fees, a declaratory judgment, and an injunction on behalf of his claim.  Is Yahoo responsible for Plaintiff's damages?

**II.     Procedural History**

Plaintiff filed his Complaint against Yahoo on April 10, 2013.  ECF 1.  Plaintiff alleges that Yahoo violated the Telephone Consumer Protection Act ("TCPA"), enacted by Congress in 1991.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Yahoo served its Answer to the Complaint on June 10, 2013.  On June 18, 2013, Yahoo filed this Motion for Summary Judgment, ECF 14, and a Statement of Undisputed Facts, ECF 15.  Plaintiff filed a Response in Opposition to the Motion for Summary Judgment on June 26, 2013.  ECF 19.  Yahoo submitted its Reply in Support of its Motion for Summary Judgment on July 3, 2013, which it amended the same day.  ECF 22-23.

On August 16, 2013, this Court issued an Order instructing Yahoo to produce certain categories of documents and setting a schedule for supplemental briefing in response to Yahoo's Motion for Summary Judgment.  ECF 28.  On December 20, 2013, following discovery, Plaintiff filed his Opposition to Yahoo's Motion for Summary Judgment.  ECF 39.  Plaintiff also included a Response to Yahoo's Statement of Undisputed Facts.  ECF 39-2.  Yahoo filed its Reply to Plaintiff's Opposition on February 27, 2014.  ECF 47.  On March 4, 2014, Plaintiff filed a Sur Reply in Support of his Opposition.  ECF 53.

This Court held oral argument on the Motion for Summary Judgment and related briefing on March 11, 2014.

**III.    The Parties' Contentions**

    **A.  Yahoo's Motion for Summary Judgment**

Yahoo does not dispute that Plaintiff received text messages solely because a Yahoo subscriber, who previously used the same mobile phone number that was subsequently assigned

to Plaintiff, affirmatively signed up to receive text messages each time he received an email in his Yahoo email inbox.  Yahoo argues that the TCPA only prohibits unsolicited automated telemarketing and bulk communications sent via an Automatic Telephone Dialing System ("ATDS"), which means a system that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and dials those numbers.  47 U.S.C. § 227(b)(3).

Yahoo contends that its system is not an ATDS because the system lacks the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

Yahoo also disputes that the messages it sent fall within the purview of the TCPA, which was intended to regulate the sending of unsolicited advertisements or bulk communication, not messages forwarded at the request of a user.  Yahoo asks this court to conclude that the TCPA does not apply to the present facts because the notifications were specifically requested, and sent to the mobile phone number provided by a Yahoo email account user at the user's request and only once the user had received an email.

### B.  Plaintiff's Opposition to Motion for Summary Judgment

To begin, Plaintiff points out that Yahoo does not dispute that Plaintiff himself never solicited the text messages that he received from Yahoo, and he argues that consent must be given from the current subscriber, not a previous owner of the telephone number.

Plaintiff then disputes Yahoo's contention that its system is not an ATDS.  Plaintiff argues that courts must look to the system's capacities, not the way in which it is actually used, and argues that the capacities of Yahoo's system fall within the statutory definition.  ECF 39 (Pl.'s Opp'n to Def.'s Mot. for Summ. J.) at 13 (citing Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2006)).

In support of his position, Plaintiff relies on the Declaration of Randall Snyder, a purported expert in the fields of wireline and wireless telecommunications networking technology,[1] and the deposition testimony of Yahoo's corporate representative, Mr. Gopalkrishna. ECF 39 (Pl.'s Opp'n to Def.'s Mot. for Summ. J.) (citing Snyder Decl.; Gopalkrishna Dep. 52:8-15, 53:4-54:8, 70:14-73:17, 94:20-95:13).

**C. Yahoo's Reply**

In Reply, Yahoo contends that Mr. Snyder's opinion does not create a material factual dispute because he merely states a legal conclusion that the Email SMS Service is an ATDS, and that conclusion is based on an illogical interpretation of the statute. Yahoo specifically takes issue with Mr. Snyder's interpretation of the term "sequential" (Mr. Synder defines the term to mean that messages are sent "one at a time" as opposed to all at once), his misunderstanding that the statute concerns sequential sending of text messages as opposed to the generation of telephone numbers, and his acknowledgement, in deposition testimony, that, based on his interpretation of the statutory language, every text message system currently in existence sends messages sequentially. Moreover, Yahoo argues, Mr. Snyder has not reviewed any of the messages sent via the Email SMS[2] Service or the software or programming used by the Email SMS Service, but only reviewed the written specifications that Mr. Snyder admitted may differ from the way in which the system actually works.

---

[1] Mr. Snyder has been retained as a testifying or consulting expert in 65 cases regarding cellular technology, including 41 cases regarding text messaging technology, and 33 cases regarding the TCPA and associated regulations. Snyder Decl. ¶ 4. Plaintiff also submitted to this Court a Notice containing Supplemental Authority in support of his Opposition to Defendant's Motion to Dismiss, in which the Southern District of California relied on a declaration offered by Mr. Snyder regarding Yahoo's text messaging service. ECF 46 (containing Memorandum of Law Denying Motion for Summary Judgment, Sherman v. Yahoo! Inc., No. 13cv0041 (Feb. 3, 2014 S.D. Cal.)). Mr. Snyder did admit in his deposition that the technology at issue in Sherman is different from that at issue in the present litigation. Declaration of Justin A. Barton in Support of Def.'s Reply to Resp. to Mot. for Summ. J., Ex. 1 (Snyder Dep.) at 136:17-137:4.

[2] SMS is an acronym for "short message service," or what is more commonly referred to as text messaging.

Yahoo also argues that this Court should not credit Mr. Snyder's opinions because they are driven by his own personal interest, since his wife is the named plaintiff in a class action lawsuit related to his son's receipt of a single, unsolicited text message from a recycled phone number.  ECF 47 (Def.'s Reply in Supp. of Mot. for Summ. J.) at 12 (citing Snyder Tr. 45:12-50:15).  Yahoo contends that his wife's class action would be directly undermined if this Court rejects Mr. Snyder's conclusions here.  Lastly, Yahoo argues that Mr. Snyder lacks credibility because he is personally interested in fighting against "spam" text messages and earns 80-90% of his income from testifying in TCPA cases.  Id. at 13 (citing Snyder Tr. 52-:14-53:17, 75:4-8, 83:20-84:5).

### D.  Plaintiff's Sur Reply

Plaintiff submitted a short Sur Reply arguing that the testimony from Yahoo's own witness shows that the Email SMS Service is an ATDS, responding to Yahoo's arguments regarding the definition of the term "sequential," and defending the validity of the Snyder Declaration.

### IV.  Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325.  After the moving party has met its initial burden, the adverse party's response must, "by affidavits or as otherwise provided in this rule [ ] set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

**VI.   Discussion**

The TCPA prohibits any person from making:

> any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] . . .
>
> (iii) to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A).[3]

As the Third Circuit explained, "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268 (3d Cir. 2013) (citing Mims v. Arrow Fin. Servs., LLC, -- U.S. --, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012)).

---

[3] Yahoo "assume[s] without conceding for purposes of this motion that a text message constitutes a 'call' within the meaning of the TCPA." ECF 14 (Def.'s Mot. for Summ. J.) at 6.  Federal courts have made clear that the TCPA applies to text messages as well as voice calls.  Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268 (3d Cir. 2013) (citing In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 15391 (2012) and Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009)).

The parties disputes relate to two issues:  first, whether Yahoo's Email SMS Service meets the statute's definition of an "ATDS," and second, whether the messages sent to Plaintiff constitute advertisements such that they are covered by the statute.

1. **ATDS**

The statute defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  Id. § 227(a)(1).

The Ninth Circuit clarified that when a court evaluates the issue of whether equipment is an ATDS, "the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'"  Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (2009) (emphasis in original).  The court continued:  "[A] system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do so."[4]  Id.

From the mid-2000s until June 2011, Yahoo offered its email account holders the option to sign up for a program that allowed customers to register a mobile telephone number to which Yahoo would send an SMS or text message to the customer when he or she received an email. ECF 14 at 2.  The parties largely agree on the basic functions of the system Yahoo used to send these text message, or what the parties refer to as the Email SMS Service.  That system automatically converted email messages into a truncated format, accessed the appropriate user's telephone number from a stored list, and automatically sent the text message to the customer's

---

[4] Recently, courts and commentators have observed that many modern technological devices, including smartphones, could store or produce numbers and dial such numbers without human intervention if outfitted with the requisite software.  Thus, they have drawn a distinction between a system's present capacity (as currently designed) and its potential capacity.  See Gragg v. Orange Cab Co., Inc., No. C12-0576RSL, 2014 WL 494862, at *2 (W.D. Wash. Feb. 7, 2014); Hunt v. 21st Mortg. Corp., No. 2:12-CV-2697-WMA, 2013 WL 5230061, at *4 (N.D. Ala. Sept. 17, 2013); 1 Data Sec. & Privacy Law § 9:69 (2013).

mobile device.  Id. at 3; Gopalkrishna Dep. 52:8-15, 72:20-73:13.[5]  Mr. Ajay Gopalkrishna is employed by Yahoo as the Senior Product Manager for Yahoo! Mail Anti-Spam and Delivery, through which he has personal knowledge and/or information regarding Yahoo's Email SMS System.  Gopalkrishna Decl. ¶ 1.  The Email SMS Service also included a queuing program that would order and store outgoing text messages.  Gopalkrishna Dep. 98:2-7.

The parties do dispute, however, whether the system's capabilities fall within the statutory definition of an ATDS.  Yahoo argues that Plaintiff has not shown that its system could or did have the capacity to randomly or sequentially generate telephone numbers.  Further, Yahoo offers the Declaration of Ajay Gopalkrishna as evidence that its system did not in fact have that capacity.  ECF 14-1 ("Gopalkrishna Decl.").  In his Declaration, Mr. Gopalkrishna asserts that "[t]he servers and systems affiliated with the Email SMS Service did not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to call those numbers."  Id. ¶ 13.

Yahoo contends that Mr. Gopalkrishna's testimony demonstrates that Yahoo's Email SMS System does not constitute an ATDS under the TCPA, because a system that does not have the capacity to store or produce telephone numbers to be called by using a random or sequential generator cannot satisfy the statutory definition.

Plaintiff tries to dispute Mr. Gopalkrishna's Declaration, by alleging that he contradicted his Declaration in deposition testimony and by submitting their own expert Declaration from Mr. Randall A. Snyder.  Plaintiff alleges that Mr. Gopalkrishna's deposition testimony undercuts the conclusions in his Declaration because he testified that the system does store cellular telephone numbers; the system sends text messages to those cellular telephone numbers automatically, or in

---

[5] Plaintiff attached a transcript of Mr. Gopalkrishna's Deposition, which took place on October 18, 2013.  This transcript does not appear to have been designated with an exhibit number, but the Court will refer to the transcript in this memorandum as "Gopalkrishna Dep."

other words, without human intervention; and that the system uses a queuing program to control the order in which text messages will be sent and to manage and backlog in sending messages. ECF 50 (Pl.'s Sur Reply) at 3.  Plaintiff also relies on Mr. Snyder's conclusion that "the equipment used by the Defendant has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, or from a list of telephone numbers."  ECF 39-9 ("Snyder Decl.") ¶ 64.

The Court addressed each of these points – the alleged contradiction between Mr. Gopalkrishna's deposition testimony and his Declaration as well as Mr. Snyder's conclusion – at oral argument.

There, the Court asked Plaintiff's counsel to cite to a portion of Mr. Gopalkrishna's deposition testimony that contradicted his conclusion that the Yahoo Email SMS Service "did not have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to call those numbers."  To be sure, Plaintiff's counsel did cite portions of the testimony wherein Mr. Gopalkrishna acknowledges that the system stores cellular telephone numbers, Gopalkrishna Dep. 52:8-15; that the system sent text messages to those numbers without human intervention, id. 72:20-73:13; and that the system employs a queue program for text messages, id. 98:2-7.  Yahoo does not dispute that its system operated in this function, nor does Mr. Gopalkrishna's Declaration present a contrary description of the system's capabilities.

However, these acknowledgements do not resolve the crux of the issue:  whether the system had the capacity to "use a random or sequential number generator to store or produce telephone numbers and then send a text message to those numbers" as required by the TCPA.  Yahoo asserts that its service could not randomly or sequentially generate telephone numbers,

but only sent messages to a user that had authorized them and only when that user received an email.  Plaintiff has not offered evidence to dispute Yahoo's assertion.

Nor does Mr. Snyder's Declaration raise a material dispute of fact.  Mr. Snyder's definition of the term "sequence" or "sequential" fails to raise a material dispute of fact, since it focuses on the manner in which text messages are sent, not the way in which the numbers are generated.

Moreover, this Court finds the definition of "sequential number generation" offered by Judge Lasnik of the Western District of Washington – "(for example) (111) 111-1111, (111) 111-1112, and so on" – to be persuasive.  Gragg v. Orange Cab Co., Inc., No. C12-0576RSL, 2014 WL 494862, at *3 (W.D. Wash. Feb. 7, 2014).

Further, Mr. Snyder's conclusion that

> the equipment used by the Defendant has the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, <u>or from a list of telephone numbers</u>

cannot be relied on to dispute Mr. Gopalkrishna's Declaration.  Mr. Snyder conveniently added the addition disjunctive phrase "or from a list of telephone numbers" to his declaration – a phrase that appears nowhere in the statutory definition of an ATDS.  Snyder Decl. ¶ 64 (emphasis added).  The inclusion of this additional phrase is misleading.  Moreover, including this additional language renders Mr. Snyder's Declaration entirely unreliable on this point, since it does not address the necessary inquiry here:  whether Yahoo's system constitutes an ATDS as defined by the statute.[6]

---

[6] Mr. Snyder's Declaration reflects a misunderstanding of the statutory requirements, which require more than simply that the system store telephone numbers and send messages to those numbers without human intervention.  Mr. Snyder's Declaration references the Ninth Circuit in <u>Satterfield</u>, which quoted from Mr. Snyder's expert report as follows:  "[t]he use of stored numbers, randomly generated numbers or sequentially generated numbers used to automatically originate calls is a technical difference without a perceived distinction."  Snyder Decl. ¶ 49 (quoting <u>Satterfield v. Simon & Schuster, Inc.</u>, 569 F.3d at 951).  This citation to <u>Satterfield</u> is deceptive.  The Ninth Circuit, in <u>Satterfield</u>, quoted Mr. Snyder's report only to recount his opinions, which were in dispute, and specifically noted

As discussed above, Plaintiff has not offered any evidence to show that Yahoo's system had the capacity to randomly or sequentially generate telephone numbers (as opposed to simply storing telephone numbers), as required by the statutory definition of ATDS. The Court thus finds that Yahoo did not send text messages to Plaintiff via an ATDS and, therefore, judgment must be granted in favor of Yahoo.

### 2. Unsolicited Telemarketing

Because the Court finds that the Yahoo system is not an ATDS, it need not address whether the text messages sent constituted "unsolicited telemarketing" of the type that Congress sought to limit with the TCPA.

## VI. Conclusion

For the foregoing reasons, this Court grants Yahoo's Motion for Summary Judgment. An appropriate order follows.

O:\Caitlin\Civil\13-1887 (Dominguez)\2014.3.14 MoL on MSJ.docx

---

that Mr. Snyder's report had not declared that the equipment had the requisite capacity. In fact, the court made clear that the district court had not focused on the proper inquiry regarding the system's capacity thus resulting in conflicting testimony and a limited record, which prevented the circuit court from reversing the district court's grant of summary judgment and, instead, required a remand to the district court. The court did not adopt Mr. Snyder's views. Mr. Syder also states, in his Declaration, that "the FCC has held that prohibitions under the TCPA apply to stored lists of telephone numbers as well as random or sequentially generated numbers." Snyder Decl. ¶ 49; id. ¶ 61 ("The FCC has held that prohibitions under the TCPA apply to lists of telephone numbers as well as random or sequentially generated numbers." (citing Rules and Regs. Implementing Tel. Consumer Protection Act of 1991, CG Dkt. No. 02-278, Jan. 4, 2008 ¶¶ 12-14)). In light of the Ninth Circuit's determination, in Satterfield, that the statutory text of the TCPA regarding the definition of an ATDS is "clear and unambiguous," we are not bound by the FCC's interpretation. 569 F.3d at 951; see Swallows Holding, Ltd. v. C.I.R., 515 F.3d 162, 170 (3d Cir. 2008) ("Under Chevron, if the statutory language is clear and unambiguous, our inquiry ends and the plain meaning of the statute governs the action."). Even so, this Declaratory Ruling pertains to the unique characteristics of predictive dialers, and there is no contention here that Yahoo's Email SMS Service is a predictive dialer.